C. A. SHALER CO. *vs.* MILLER'S SONS INC.

JULY 10, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

RATHBUN, J. This is an action in assumpsit to recover for goods sold and delivered. The jury returned a verdict for the plaintiff for $1,112.88. The trial justice granted the defendant's motion for a new trial unless the plaintiff should

file a remittitur of all of the verdict in excess of $244.66. The plaintiff refused to file a remittitur and the case is before us on the plaintiff's exceptions as follows: To the decision of said justice granting the defendant's motion for a new trial unless the plaintiff should file a remittitur of all of the verdict in excess of $244.66; to the refusal of the trial justice to direct a verdict for the plaintiff for $1,040.72, and to rulings made in the course of the trial.

On August 23, 1921, the plaintiff at the defendant's request made a C. O. D. shipment of goods to the latter amounting to $1,624.12. When the goods arrived on August 26th the defendant wrote stating that they were unable to accept the shipment because they did not have the money with which to pay for the goods and asked that the plaintiff release the goods and permit the defendant to pay for the same by forwarding a trade acceptance payable at the expiration of sixty days. The plaintiff in reply offered to release the goods on payment in cash for one half of the amount of the invoice and a delivery of a trade acceptance for October 1, 1921 for the balance. The defendant wrote in reply stating that they must be permitted to exchange the goods for other merchandise if they were to accept the shipment. In reply the plaintiff, on September 14, 1921, sent the following telegram: "See our letter ninth can not allow further express concession than requested in your letter August eleventh and conceded by us but up to January first will exchange for other merchandise lens in unopened cases to amount one half invoice of twenty third all subject immediate acceptance shipment on hand." The defendant obtained the goods by payment of one half of the price in cash and by giving a trade acceptance due October 1, 1921 for the balance. The defendant did not pay the trade acceptance when it became due but on September 28, 1921 sent a check for $112.06 and a note for $700.00 payable December 31, 1921. The plaintiff retained the check and returned the note. With the note and check sent on September 28th the defendant enclosed a letter which was in

part as follows: "We will therefore ask you to be kind enough and accept the enclosed check on account, together with a note which will be met in ninety days. This is the only way we can see how to meet you with this obligation. If, however, this is not satisfactory we will return to you the amount of lenses to cover the obligation in full."

The defendant's letters show conclusively that the defendant did not offer or attempt to return any goods for exchange until after January 1st, the last date on which the defendant was entitled to return goods for exchange. On October 4, 1921, the defendant wrote as follows: "In response to yours of the first instant, we beg to state that we are not in a position to make you any different settlement other than offered to you in our letter of September twenty-eighth. We are not asking for any privileges that would be impossible for any house with reason to grant, under the circumstances. . . . If you cannot grant our request and accept the note with interest, we will return to you enough merchandise to cover the August account, which you consider past due." On November 30, 1921, defendant wrote as follows: "In view of the poor collections and our inability to move any of the lenses which we have in stock, we must ask you to kindly accept in return a number of lenses which will cover our indebtedness to you. We have in stock 1,088 pairs of assorted sizes which amounts to a considerable sum which is practically tied up and will be for some months to come. If you would accept, in the neighborhood of 325 pairs in settlement of our account, we would still have in stock 700 some odd pairs, covering a number of each size and which would give us a chance to supply the demands of our customers." On December 8th the defendant wrote that it was about to return a part of the invoice. The following language from this letter shows that the goods were returned for credit and not for exchange: "However, we will not return the total amount of these lenses, seven hundred pair and we will keep the rest and pay you for them. likewise the other merchandise, as soon as we

receive the credits that you will issue for them. Assuring you that if we were financially able to meet the obligation in accordance with your wishes, we would not return these goods." On December 12, 1921, the defendant shipped, for return, goods of the value of $851.00. The goods were sent by express but the plaintiff refused to receive them. The telegram of September 14, 1921 authorized a return for exchange, on or before January 1, 1922, of one half of the invoice of August 23rd. One half of the price of the invoice is $812.06, and the defendant is seeking credit for only the latter sum. On December 16, 1921, defendant wrote as follows: "What we owe you we are willing to pay, but we must get the credits for the merchandise returned before we will honor any obligation to you. . . . In the meantime we hope that the C. A. Shaler Company's business does not entirely depend upon this sum of $851.00 which we have returned for credit and they can well and better afford to have this much money invested in their product than we can." On December 30, 1921, defendant wrote as follows: "We believe that after making such a statement that you would either issue a credit for this consignment of lenses or hold this matter pending until some future time for an exchange of other product." This letter of December 30th, the final statement of the defendant before the time expired within which goods could be returned for exchange, did not ask for an exchange before January 1, 1923, but requested that the defendant be given a credit for the goods immediately or the right to exchange them for other goods sometime after January 1, 1923. The plaintiff was under no contractual obligation to grant either of these requests.

The defendant was not entitled to credit for the goods which they attempted to return and as this question embraces the only dispute between the parties it follows that the trial justice should have granted the plaintiff's motion to direct a verdict for the plaintiff.

The exception to the refusal to direct a verdict for the plaintiff is sustained and also the exception to the decision

of the trial justice granting a new trial unless the plaintiff should file a remittitur of all of the verdict in excess of $244.66 and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Alfred S. and Arthur P. Johnson*, for plaintiff.
*Frank H. Wildes*, for defendant.